UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUNTER LAMBIRTH, and RACHAEL LAMBIRTH, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, BUSINESS ENTITY DOES I through X, and DOES I through X,<br><br>　　　　　Defendants. | Case No. 1:20-CV-00193-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RECONSIDERATION (DKT. 24)** |

## INTRODUCTION

Before the Court is Plaintiffs' motion for reconsideration. (Dkt. 24.) The motion is fully briefed and at issue. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion is decided based on the record without oral argument. Local Civil R. 7.1(d). For the reasons that follow, the Court will deny the motion.

## FACTUAL BACKGROUND[1]

This case arises from a dispute over the payment of Plaintiffs' claim for benefits under a rental insurance policy issued by Defendant USAA Casualty Insurance Company (USAA CIC), made after Plaintiffs' rental property was damaged by a sewer line failure on February 18, 2019. Following initiation of the insurance claim, the parties began the process of assessing the damages. The parties obtained differing estimates of the cost to repair the damage to the rental property. Consequently, the parties disagreed on the amount of the loss and the appropriate reimbursement amount for Plaintiffs' insurance claim.

On July 29, 2019, Plaintiffs invoked the appraisal clause of the insurance policy. (Dkt. 15-3, Boyle Aff., Exs. A and B.) On October 14, 2019, the appraisers selected by each of the parties advised that they were unable to agree on the amount of the loss. An umpire was selected in accordance with the terms of the insurance policy, but the appraisal process stalled at that point with no final determination as to the amount of the loss.

On January 7, 2020, USAA CIC tendered an offer to Plaintiffs to settle their claim for $78,256.73. (Dkt. 1-1 at ¶ 42) (Dkt. 15-1, Boyle Aff. at ¶ 13.)[2] On February 26, 2020,

---

[1] The Court provides an abbreviated recitation of the factual and procedural background here as the facts are well known to the parties and the Court. A more complete background is provided in the parties' briefing and the Court's prior Order. (Dkt. 22.)

Plaintiffs initiated this lawsuit raising three claims: 1) breach of contract, 2) insurance bad faith, and 3) intentional infliction of emotional distress. (Dkt. 1.) Generally, Plaintiffs allege that USAA CIC 1) breached the material terms of the policy by unjustifiably failing or refusing to pay benefits due under the policy; 2) breached the implied covenant of good faith and fair dealing by delaying evaluation and appraisal of the claim, unreasonably refusing to pay uncontested amounts, and offering to settle the claim for substantially less than what it conceded was owed; and 3) caused extreme delay and intentionally refused to pay Plaintiffs' legitimate claim, resulting in emotional distress. (Dkt. 1-1.)

On February 4, 2021, the Court granted USAA CIC's motion to compel appraisal and to stay the case. (Dkt. 22.) The Court ordered the parties to take all necessary steps to complete the appraisal process as provided in the insurance policy on or before March 5, 2021. (Dkt. 22.) On March 5, 2021, Plaintiffs filed the motion for reconsideration of the Order compelling appraisal presently before the Court. The motion is made pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. 24.) The Court finds as follows.

---

[2] There is a slight discrepancy in the amount of the offer to settle tendered by USAA CIC. In the complaint, Plaintiffs represent that the amount of the offer was $77,256.73. (Dkt. 1-1 at ¶ 42.) USAA CIC filings state the amount was $78,256.73. (Dkt. 15, Boyle Aff. at ¶ 13) (Dkt. 29 at 9.) The discrepancy is inconsequential to the resolution of the present motion for the reasons discussed below.

MEMORANDUM DECISION AND ORDER - 3

## STANDARD OF LAW

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Federal Rule of Civil Procedure 60(b) sets forth four grounds for reconsideration of a prior order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; or (4) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). This Court has "distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or to prevent manifest injustice." *Vanzant v. Wilcox*, Case No. 1:15-cv-00118-EJL-CWD, 2016 WL 6986133, at *1 (D. Idaho Nov. 28, 2016).

## ANALYSIS

The narrow question presented on this motion is whether Plaintiffs are entitled to relief from the Court's Order staying the case and compelling appraisal. Plaintiffs argue

MEMORANDUM DECISION AND ORDER - 4

they should not be compelled to participate in the appraisal process, because they are unable to pay the expenses associated with the process. (Dkt. 24.)[3]

USAA CIC contends that Plaintiffs have failed to demonstrate a proper basis for reconsideration under Rule 60(b), and that the appraisal should proceed as required by the terms of the insurance policy. (Dkt. 29.) Alternatively, USAA CIC requests that, if the motion is granted, the Court set the amount of the loss at $78,256.73, consistent with USAA CIC's prior settlement offer.

For the reasons that follow, the Court finds Plaintiffs have failed to establish a basis for reconsideration. Plaintiffs have not shown or even argued that there is: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error. Indeed, the costs of completing the appraisal process were apparent at the time of the motion to compel, but Plaintiffs' concerns about the same were not raised. (Dkt. 17) (Plaintiffs' response to motion to compel appraisal and stay arguing the appraisal clause is void and unenforceable.). Plaintiffs' present motion instead relies on the catch all provision of Rule 60(b) - any other reason that justifies relief - and the broad request for relief to prevent manifest injustice. *See* Fed. R. Civ. P. 60(b)(6).

---

[3] Plaintiffs' ancillary arguments contained in their reply brief are relevant to their claims for breach of contract, insurance bad faith, and intentional infliction of emotional distress, not the issue presented on this motion for reconsideration. (Dkt. 30.) Therefore, the Court will not address Plaintiffs' arguments going to the merits of their claims.

Likening the appraisal process to an arbitration agreement, Plaintiffs argue the Court should grant relief from the Order compelling appraisal because the cost of the appraisal process here is prohibitive. (Dkt. 24.) Plaintiffs rely on the Idaho Supreme Court's decision in *Murphy v. Mid-West National Life Insurance Company of Tennessee*, 78 P.3d 766 (Idaho 2003).

In *Murphy*, the court recognized that "the existence of large arbitration costs could preclude a litigant…from effectively vindicating [his or] her federal statutory rights in the arbitral forum." *Id.* at 768 (quotation from *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000)). Applying that principle to the facts presented, the *Murphy* court deemed the arbitration clause unenforceable because the estimated costs of arbitration - at least $2,500 - in comparison to the relatively small amount of the claim - less than $10,000 - precluded the plaintiff from effectively vindicating her rights in the arbitral forum. *Murphy*, 78 P.3d at 768 (holding that if "the salutary purposes usually associated with arbitration[,] which is supposed to be an inexpensive and rapid alternative to prolonged litigation[,]" would not be advanced by the arbitration agreement, then an arbitration agreement may be revoked).

However, the circumstances in this lawsuit are materially distinct from the facts in *Murphy*. Here, the latest assessments of the cost to repair Plaintiffs' rental property vary between approximately $75,000 and $122,000. (Dkt. 15, 17.) Plaintiffs estimate their expenses for completing the appraisal process, if they are compelled to proceed, will be between $7,000 and $15,955. (Dkt. 24 at 5.) Taking Plaintiffs' estimates of their appraisal expenses at face value, the Court finds Plaintiffs have failed to show the costs of

MEMORANDUM DECISION AND ORDER - 6

completing the appraisal process would be "prohibitively expensive" such that they would be unable to vindicate their rights in that forum. *Green Tree*, 531 U.S. at 92 (The party seeking "to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive,...bears the burden of showing the likelihood of incurring such costs.").

While the Plaintiffs' estimated appraisal costs are not insignificant, the amount Plaintiffs are likely to recover through the appraisal process will largely exceed their costs. Further, as discussed in the Order compelling appraisal, completion of the appraisal process is appropriate under the circumstances in this case and likely will advance the resolution of the claim for benefits as well as the tort-based claims. (Dkt. 22.) Finally, Plaintiffs failed to raise their prohibitive costs argument in responding to the motion to compel appraisal process despite its existence at that time. *See* Fed. R. Civ. P. 60(b). For these reasons, the Court finds Plaintiffs have not shown any other reasons or any manifest injustice that warrant reconsideration. *See* Fed. R. Civ. P. 60(b)(6). Therefore, the motion will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider (Dkt. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are HEREBY COMPELLED to comply with the terms of the appraisal process as provided in the insurance policy.

**IT IS FURTHER ORDERED** that the parties must take all necessary steps to complete the appraisal process as provided in the insurance policy on or before

MEMORANDUM DECISION AND ORDER - 7

**September 17, 2021**. The parties shall file a joint report to the Court regarding the status of the appraisal process and indicating how they intend to proceed in this matter no later than **October 1, 2021**. This case remains **STAYED** pending the outcome of the appraisal process and until otherwise ordered by the Court.

DATED: August 13, 2021

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge